# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| **HUNTER RIGDON** | **CASE NO.  2:22-CV-01430** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMERICAN MODERN PROPERTY & CASUALTY INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is Defendant American Modern Property and Casualty Insurance Company's ("Modern") Motion for Summary Judgment (Doc. 10), wherein Modern argues that Plaintiff Hunter Rigdon is not entitled to coverage for his Hurricane Laura claim because he misrepresented material facts to Modern concerning his claim and he lacks any evidence to substantiate any claims. Additionally, Modern argues that Plaintiff's bad faith claims fall with the contractual claims. Plaintiffs oppose the motion. Doc. 12. Modern has replied. Doc. 13.

## I. BACKGROUND

This lawsuit arises from an insurance policy coverage dispute between Modern and Plaintiff related to damages sustained by Hurricane Laura on August 27, 2020, to property located at 420 Wesley Coleman Rd., Longville, Louisiana ("Property").[1] The Property was insured by Modern under policy number 100420960.[2]

---

[1] Doc. 1, p. 2.
[2] Doc. 10-12, p. 2.

Plaintiff submitted his claim to Modern for coverage for the loss.[3] On September 7, 2020, Modern's adjuster inspected the dwelling with Plaintiff, and on September 23, 2020, Modern tendered payment to Plaintiff.[4] On September 23, November 9, and November 13, 2020, Modern requested that Plaintiff provide additional information concerning his Hurricane Laura claim.[5] Plaintiff did not provide Modern with any of the information requested in these correspondences.[6] On November 9, 2021, Plaintiff sent Modern an estimate for repairs prepared by Accord Services, Inc. in the amount of $107,165.77 RCV.[7] This estimate included the cost to repair the main roof, porch roof, vinyl siding, deck rails, all drywall, flooring, baseboards, doors, cabinets and countertops.[8]

On May 27, 2022, Plaintiff filed suit in this Court alleging claims for damages for breach of contract as well as bad faith claims under Louisiana Revised Statutes sections 22:1892 and 22:1973.[9] On October 13, 2022, Plaintiff completed a required property disclosure document in conjunction with a contract to sale the Property.[10] Plaintiff answered he was not aware of any defects regarding the roof, interior walls, attic spaces, steps/stairways, pool, decks, windows, irrigation system, ceilings, exterior walls, foundation, basement, overhangs, railings, spa, and patios. However, he responded that

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.* at 3.
[8] *Id.*
[9] Doc. 1.
[10] Doc. 10-10.

there were defects with the floor and porches.[11] Plaintiff also responded to the question "[h]as there ever been any property damage, including, but not limited to, fire, wind, hail, lightning, or other property damage," by stating that "the floors have wear and tear from furniture in a couple of spots," and "the hurricane blew off some tin off the porch."[12] On February 14, 2023, Plaintiff sold the Property "as is" for $150,000.[13] A jury trial is set for September 5, 2023.[14]

## II. <u>LEGAL STANDARD</u>

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the

---

[11] *Id.*
[12] *Id.* at 5–6.
[13] Doc. 10-12, p. 3.
[14] Doc. 9.

nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted). The Court is not required to search the record for material fact issues. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III. <u>LAW & ANALYSIS</u>

Here, Modern claims that Plaintiff cannot prove damages because he conducted the repairs himself, and, therefore, the Accord Estimate is improper evidence of repair costs. Plaintiff argues that though he personally made lesser than ideal repairs to the property with the resources at his disposal, the Policy nevertheless obligates Modern to pay him for actual cash value of damages caused by Hurricane Laura, as supported by the Accord Estimate. Confronted with a similar situation, the federal district court in *Stevens v. Allstate Ins. Co. Stevens v. Allstate Ins. Co.*, 19 F. Supp. 3d 690 (E.D. La. 2014), denied the

defendant insurer's motion for summary judgment where the insured made repairs to their own "house with less than the necessary resources," *id.* at 698. Plaintiff's Accord Estimate was completed on October 28, 2021, which Plaintiff claims is summary judgment evidence of contractual damages in the amount of $70,716.25. Plaintiff claims this amount is still due to him by Modern for his coverage on the dwelling after factoring in Modern's initial September 23, 2020 tender. To support his argument, Plaintiff points to the Accord Estimate and his June 8, 2023 Deposition as summary judgment evidence that the initial tender was not sufficient to complete the necessary repairs, resulting in him making the necessary repairs himself. Plaintiff has a right to make repairs, and Modern will have an opportunity to challenge Plaintiff's evidence of damages at trial. Ultimately, issues of material fact remain as to the amount, if any, that Plaintiff was owed under his Policy.

Modern also asks the Court to dismiss this case based on the argument that Plaintiff misrepresented defects and/or damages in the disclosure statement prior to selling the Property. In its supporting memorandum, Modern claims that "Plaintiff completed the Property Disclosure Document **<u>AFTER</u>** he received the Accord Services estimate." (emphasis in original). Plaintiff counters that the disclosure was not made to Modern, it was connected to the February 14, 2023 sale of the Property, which was sold "AS IS" according to the Deed for Sale. The Accord Estimate was completed on October 28, 2021, and the disclosure statement was made by Plaintiff nearly a year later, on October 13, 2022. This timeline is consistent with Plaintiff's assertion that he personally completed repairs

prior to selling the Property. In sum, Modern may use the disclosure statement at trial, but Plaintiff's statements made in connection with the disclosure document do not obviate the Court's determination that there are genuine issues of material fact for trial.

## IV. <u>CONCLUSION</u>

For the aforesaid reasons, the Modern's Motion for Summary Judgment (Doc. 10) will be denied.

**THUS DONE AND SIGNED** in Chambers on this 11th day of August 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**